## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | | |
|---|---|---|
| **GLORIA CORMIER** | * | **DOCKET NO.** |
| | * | |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **TEXAS ROADHOUSE, INC. AND** | * | |
| **HARTFORD CASUALTY INSURANCE** | * | **MAGISTRATE** |
| **COMPANY** | * | |
| ***************************************** | | |

## NOTICE OF REMOVAL

**TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF LOUISIANA**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, Texas Roadhouse Holdings, LLC, erroneously identified as Texas Roadhouse, Inc., and the Hartford Casualty Insurance Company (collectively "Defendants"), through undersigned counsel, hereby removes the above-captioned action from the Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana to the United States District Court for the Western District of Louisiana, Lafayette Division, and states as follows:

1.

On or about March 9, 2022, Plaintiff initiated this personal injury action against Defendants, styled *Gloria Cormier v. Texas Roadhouse, Inc., et. al.,* Docket No. 20221146, Div. "D", in the Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana. The Petition was served on Defendants on March 22, 2022.  A certified copy of all process, pleadings, and orders issued in state court is attached *in globo* as Exhibit A to this Notice of Removal.

2.

As will be shown more fully below, this Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Thus, this action may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441.

## I.    Removal is Proper Because Complete Diversity of Citizenship Exists

3.

A civil action is removable on the basis of diversity jurisdiction if there is complete diversity between the parties and none of "the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[1]

4.

According to the Petition for Damages, Gloria Cormier, both at the time she commenced the state court action and at present, is an individual of the age of majority domiciled in the State of Louisiana.[2] Ms. Cormier is therefore a citizen of Louisiana for diversity purposes.

5.

Texas Roadhouse Holdings, LLC is not presently and was not at the time this action was commenced, a citizen of the State of Louisiana.  Texas Roadhouse, Inc. is the sole and managing member of Texas Roadhouse Holdings, LLC. Texas Roadhouse, Inc. is, and was at the time of this action was commenced, organized under the laws of the State of Delaware and has its principal place of business in the State of Kentucky.    Accordingly, Texas

---

[1] See 28 U.S.C. § 144l(b).
[2] Exhibit A, Certified State Court Record; Petition for Damages, Introductory Paragraph.

Roadhouse Holdings, LLC is a citizen of Kentucky and Delaware for purposes of determining diversity.[3]

6.

Further, the Hartford Casualty Insurance Company is an insurance company organized under the laws of the State of Connecticut with its principal place of business also located within the State of Connecticut. The Hartford Casualty Insurance Company is therefore a citizen of the State of Connecticut for purposes of determining diversity.[4]

7.

Accordingly, and pursuant to 28 U.S.C. § 1332, Plaintiff is of diverse state citizenship from Defendants. Further, no party properly joined and served as a defendant is a citizen of Louisiana, the state in which this action was originally brought.[5] Thus, complete diversity of citizenship necessary for removal to this Court exists and this Court has original subject matter jurisdiction over the matter.

## II.    Removal is Proper Because Plaintiff's Personal Injury Claims Exceed the Jurisdictional Amount of this Court

8.

In the Petition for Damages, Gloria Cormier alleges that on or about March 27, 2021, she tripped and fell over an "elevated and unmarked surface" as she approached a Texas Roadhouse restaurant in Lafayette, Louisiana.[6] As a result of the alleged incident, Plaintiff claims she sustained "multiple personal, psychological, and emotional injuries."[7] Plaintiff

---

[3] See 28 U.S.C. § 1332(c)(l).
[4] *Id.*
[5] 28 U.S.C. § 144l(b).
[6] Ex. A, Petition for Damages, ¶ VI.
[7] Ex. A, Petition for Damages, ¶ VII.

further alleges that the proximate cause of her injuries and damages was the negligence of "Texas Roadhouse."[8]

9.

Consistent with Louisiana law Plaintiff did not allege a specific monetary amount of damages.[9] When a plaintiff does not allege a specific amount of damages, the Federal Court of Appeals for the Fifth Circuit has established a "clear analytical framework for resolving disputes concerning the amount in controversy."[10] "In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."[11] "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) "by setting forth the *facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount."[12]

10.

Plaintiff's Petition for Damages is similarly devoid of any facts to determine the specific type, severity of any of the injuries, or damages she alleges to have sustained as a result of the subject incident.[13] The Petition merely alleges "Petitioner suffered and continues to suffer multiple personal, psychological, and emotional injuries," that she has "undergone medical treatment since the accident and will undergo further treatment," and that the alleged injuries entitle her to multiple categories of past and future damages.[14] These broad

---

[8] Ex. A, Petition for Damages, ¶ IX.
[9] LA Code Civ. Proc. art. 893(A)(1 ); Ex. A, Petition for Damages.
[10] *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295,298 (5th Cir. 1999).
[11] *Id.* at 298 (citing *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993)).
[12] Luckett, 171 F.3d 295 (citing Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir.1995) (emphasis in original).
[13] Ex. A, Petition for Damages.
[14] Ex. A, Petition for Damages,  ¶ VII, VIII, and X.

allegations of unspecified injuries and damages do not demonstrate it is "facially apparent" that the amount in controversy exceeds $75,000.[15]

11.

Further, Plaintiff's Petition does not include allegations that the amount in controversy is less than $75,000.00, only that damages afford her a trial by jury.[16] While not determinative, the absence of such an allegation is another factor indicative of a sufficient amount in controversy.[17]

12.

On June 17, 2022, Plaintiff's counsel provided responses to Defendants' Request for Production of Documents and answers to Defendants' Interrogatories.[18]  Notably, Plaintiff produced medical records and a medical expense spreadsheet totaling $8,293.42 for treatment allegedly related to the subject accident.[19]  Based on the current medical specials amount and the medical records produced, the undersigned sent correspondence to Plaintiff's counsel on June 28, 2022, requesting that Plaintiff stipulate to alleged damages less than the $75,000 removal threshold.[20]  By email dated July 5, 2022, Plaintiff's counsel could not stipulate to damages below $75,000.[21]  Accordingly, the amount in controversy in this matter exceeds the Court's jurisdictional threshold of $75,000 in diversity cases, exclusive of interest and costs.

---

[15] See Davis v. JK & T Wings, Inc., CA No. 11-501-BAJ, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (Dalby, M.J.), report and recommendation adopted, CA No. 11-501-BAJ, 2012 WL 278685 (M.D. La. Jan. 31, 2012) (Jackson, C.J.).

[16] See LA  Code Civ. Proc. art. 893(A)(l).

[17] Mach. Paver Sales, Inc. v. Bomag Americas, Inc., No. CIV. A. 06-697-D-M3, 2007 WL 2900489, at *3 (M.D. La. Oct. 1, 2007) (Brady, J.).

[18] Exhibit B, Plaintiff's Responses to Request for Production of Documents and Answers to Interrogatories by Defendants.

[19] Ex. B.

[20] Exhibit C, Correspondence from the undersigned to Plaintiff's counsel dated June 28, 2022.

[21] Exhibit D, E-mail from Plaintiff's counsel to the undersigned dated July 5, 2022.

13.

To affect removal, Defendants can use summary judgment type evidence to clarify an amount in controversy that is unclear from the Petition.  This Court and other district courts in Louisiana have accepted e-mails from counsel as sufficient evidence to find that the amount in controversy was satisfied at the time of removal.[22]

14.

In the present matter, the medical records and bills provided in Plaintiff's discovery responses and, most definitively, the refusal of Plaintiff's counsel to stipulate to damages make it clear that the amount in controversy exceeds $75,000.  Defendants have therefore proven by a preponderance of the evidence that the jurisdictional amount in controversy is now satisfied.

15.

As shown, the parties to this action are citizens of different states and the amount in controversy exceeds $75,000.00.  Therefore, under Fifth Circuit precedent, federal

---

[22] *See, e.g., Credeur v. York Claim Serv.,* No. 13-CV-01367, 2013 WL 4814231, at *6 (W.D. La. Sept. 9, 2013), *aff'd,* No. CIV.A. 13-1367, 2013 WL 5935477 (W.D. La. Nov. 4, 2013) (finding removal to be untimely because more than thirty days had passed since defendants' receipt of an e-mail from plaintiff's counsel that clearly stated that the amount in controversy exceeded the jurisdictional amount necessary for removal, this Court stated that "[w]hile the use of discovery might be the preferred method for ascertaining the it is not apparent from the face of the plaintiff's petition, there is no hard and fast rule that an paper' if it satisfies the requirements used to determine whether a letter from counsel is 'other paper.'"); *See also, Cage v. Hobby Lobb Stores, Inc.,* No. CIV.A. 14-58-SDD-RLB, 2015 WL 803120, at *5 (M.D. La. Feb. 25, 2015) (considering a post-petition e-mail regarding recommended surgery and injuries that was sent by plaintiff's counsel and filed as an exhibit to defendant's notice of removal to be a type of summary judgment evidence that may support a finding that the amount in controversy necessary for removal is met); *Zarate v. Guillory,* No. CV 16-341, 2016 WL 2996899, at *5 (E.D. La. May 25, 2016) citing *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 882 (5th Cir. 2000) (in its determination that the amount in controversy necessary for diversity jurisdiction was met, the Court considered a post-petition e-mail from plaintiffs' counsel notifying defense counsel of the specific injuries allegedly sustained that defendants had submitted in support of their notice of removal); *See also, Guerriero v. Am. Nat. Prop. & Cas. Co.,* No. CIV.A. 09-1846, 2009 WL 3878401, at *2, n. 4 (W.D. La. Nov. 18, 2009).

diversity jurisdiction exists, and removal of this action is appropriate under 28 U.S.C. § 1441(a).

## II.    Removal is Timely and Otherwise Procedurally Proper

### 16.

This Notice of Removal is being filed within thirty (30) days of receipt by Defendants of an "other paper" (i.e., the June 17, 2022 discovery responses and the July 5, 2022 email from Plaintiff's counsel refusing to stipulate to damages) from which it could first be ascertained that the case is one which is or has become removable in accordance with 28 U.S.C. § 1446(b)(3).[23]

### 17.

The United State District Court for the Western District of Louisiana, Lafayette Division, embraces the parish in which the state court action was filed, and thus this case is properly removed to this Court under 28 U.S.C. §§ 98(a) and 1441(a).

### 18.

Per 28 U.S.C. § 1446(a), a certified copy of all process, pleadings, and orders as exists in the state court record at the time of removal are attached *in globo* as Exhibit A.

### 19.

A copy of this Notice of Removal is being served upon counsel for all parties and a copy is being filed in the Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana in accordance with 28 U.S.C. § 1446(d).[24]

---

[23] Ex. B; Ex. D; *See also Bosky v. Kroger Texas, LP,* 288 F.3d 208,211 (5th Cir. 2002).
[24] Exhibit E, Notice of Filing of Removal.

20.

No previous application has been made for the relief requested herein.

WHEREFORE, Defendant, Cintas Corporation No. 2, respectfully requests that the above captioned action pending against it in the Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana be removed to the United States District Court for the Western District of Louisiana, Lafayette Division

Respectfully submitted:

NEUNERPATE

BY: _____

James D. Hollier - #20866
jhollier@neunerpate.com
Philip H. Boudreaux, Jr. # 31426
pboudreaux@neunerpate.com
1001 W. Pinhook Rd., Suite 200
Lafayette, LA 70503
P.O. Drawer 52828
Lafayette, LA 70505-2828
Phone:    (337) 237-7000
Fax:        (337) 233-9450
*Attorneys for Texas Roadhouse Holdings, LLC
and Hartford Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

| | | |
|---|---|---|
| ☐ Hand delivery | | ☐ Prepaid U. S. Mail |
| ☑ Facsimile/Electronic Mail | | ☐ Federal Express |
| ☐ Certified Mail/Return Receipt Requested | | ☑ CM/ECF |

Lafayette, Louisiana on the 8th day of July 2022.

_____
COUNSEL

-8-